## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**KURTIS TYRONE WRIGHT,**

     **Petitioner,**

**vs.**                             **Case No. 4:09cv481-MP/CAS**

**EDWIN G. BUSS,**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in December of 2009.  Doc. 1.  After an amended petition was filed, doc. 7,[1] service was directed on April 13, 2010, and Respondent ordered to file an answer or other response.  Doc. 11.  After seven extensions of time were provided, Respondent filed a response on March 15, 2011, doc. 28, but Petitioner never filed a reply.

Recently an order was entered reassigning this case.  Doc. 31.  Petitioner's copy of that order has been returned to the Court as undeliverable.  Doc. 32.  The mail return

---

[1] In the amended § 2254 petition, Petitioner challenges his 2005 convictions for burglary of a dwelling, grand theft, forgery, grand theft from a retail merchant, and grand theft of a motor vehicle.  Doc. 7, at 1.  Petitioner was initially sentenced to 180 days in jail and five years probation.  Doc. 28, at 2.  Petitioner was then found guilty of violating his probation and sentenced to a lengthy prison term.  *Id.*, at 4.

is a memorandum from the Department of Corrections which advises that Petitioner

Kurtis Wright, #N14304, is deceased.  Doc. 32.

"The federal habeas statute gives the United States district courts jurisdiction to

entertain petitions for habeas relief only from persons who are '*in custody*' . . . ."  Maleng

v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (quoting 28 U.S.C.

§ 2241(c)(3)).[2]  Petitioner's death means he is no longer in the custody of the Florida

Department of Corrections.  Despite release from imprisonment, a case may not

necessarily be moot and could still present a case or controversy under Article III of the

Constitution if the petitioner could demonstrate some "collateral consequence" of the

conviction challenged.  *See* Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140

L.Ed.2d 43 (1998), *cited in* Mattern v. Sec'y, Dep't of Corr., 494 F.3d 1282, 1285 (11th

Cir. 2007).  Because Petitioner will not face any collateral consequences of the

challenged convictions in this case, the petition should be dismissed as moot.

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended

petition for writ of habeas corpus, doc. 7, be **DISMISSED as moot** because Petitioner is

no longer in custody.

IN CHAMBERS at Tallahassee, Florida, on April 16, 2012.


  S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

---

[2]  The habeas statute provides that the writ shall not extend unless the petitioner
"is in custody."  28 U.S.C. § 2241(c).

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**